UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DENNIS WALKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 12-100-ART |
| | ) | |
| v. | ) | |
| | ) | |
| PRONATIONAL INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

When determining the amount in controversy, courts only look to the complaint at the time of removal. *See* 28 U.S.C. § 1332(a). The damages sought in other cases, even between the same parties, are irrelevant to the amount in controversy. *Cf. Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769–70 (6th Cir. 2009) (measuring the amount in controversy based on "the allegations *in the complaint* at the time of removal" (emphasis added and citation omitted)); *see* 14AA Charles A. Wright et al., Federal Practice and Procedure § 3702.5 n.2 (4th ed.) (collecting cases holding that the collateral effects of a judgment do not count toward the amount in controversy). The removing parties in this case run afoul of this rule. They point to an award the plaintiffs won in a separate state-court case, but they never present evidence that the plaintiffs' current claims exceed $75,000. Therefore, this case must be remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

## BACKGROUND

The plaintiffs, Dennis Walker and Ted George, filed this case in Floyd Circuit Court. R. 1 ¶ 1. They are the co-administrators of the Estate of Catherine Elaine George Walker. *See* R. 1-1 ¶ 1. Catherine died while under the care of two doctors: Stephen Shy and Anna Liu. *Id.* ¶ 7. The Estate filed suit against both doctors, claiming wrongful death. *Id.* ¶ 5. Dr. Liu settled with Catherine's estate, *id.* ¶ 6, but Dr. Shy proceeded to trial, *id.* ¶ 7. The defendants in this case, ProNational and ProAssurance, were Dr. Shy's insurers. *Id.* ¶ 14. They paid for the defense at trial. *See* R. 6-1. The jury found for the Estate and awarded a verdict of $910,000 against Dr. Shy. R. 1-1 ¶¶ 8–10. Since the defendants insured Dr. Shy and defended him at trial, they controlled payment of the award. *See id.* ¶ 14; R. 6-1. Shortly after the jury's verdict, the plaintiffs' attorney wrote to defense counsel. *See* R. 6-1. He warned the defendants against appealing the jury's verdict, arguing that any appeal would be in bad faith. *Id.* He also promised to bring suit against them if they refused to settle the matter promptly. *Id.* The defendants appealed instead of paying, and plaintiffs' counsel made good on his promise. The plaintiffs sued ProNational and ProAssurance (but not Dr. Shy) under the common law tort of bad faith and the Kentucky Unfair Claims Settlement Practices Act. *See* R. 1-1 at 3–5. The defendants then removed this case to federal court. R. 1.

The defendants, however, failed to support their removal with any evidence of the amount in controversy. The Court therefore ordered the defendants to show cause as to why the action should not be remanded for lack of subject matter jurisdiction. R. 5. The

defendants filed a response, R. 6, including exhibits showing the award and attorney fees the plaintiffs will receive from their suit against Dr. Shy if they prevail on appeal, *see* R. 6-1; R. 6-2.  The defendants offered no evidence of what damages the plaintiffs might receive in this suit—not for the common law tort of bad faith or for the violation of section 304.12-230.  Contrastingly, the plaintiffs point out that the damages they seek here are "separate and distinct" from their damages award against Dr. Shy in state court.  R. 8 ¶ 7.

## DISCUSSION

### I. The Amount-in-Controversy Requirement

The defendants must establish that jurisdiction is proper here, and their burden is not an insubstantial one.  Since the defendants removed this case from state court, they bear the burden of proving that the requirements for diversity jurisdiction are satisfied.  *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (*citing Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194–95 (2010)).  And because the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendants must carry their burden by a preponderance of the evidence.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (*abrogated on other grounds by Friend*, 130 S. Ct 1181); *see* R. 1-1 at 5−6 (seeking unspecified damages).  The preponderance-of-the-evidence test requires the defendants to support their claim to jurisdiction by producing "competent proof" of the necessary "jurisdictional facts."  *Gafford*, 997 F.2d at 160 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  Thus, the defendants must affirmatively come forward

3

with evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000. *Id.* at 158−60. Otherwise, the case must be remanded to state court.

**A. The state court wrongful death case does not affect the amount in controversy.**

The defendants attempt to satisfy the amount-in-controversy requirement in this case by referencing Dr. Shy's wrongful death case. They offer the letter that plaintiffs' counsel sent after Dr. Shy's trial, R. 6-1, and point to the $910,000 verdict, the post-judgment interest, and the plaintiffs' costs, *see* R. 6 at 2. They also note that the complaint's statement of facts indicates the size of the verdict against Dr. Shy in his wrongful death case. *See id.* at 2. From this, they conclude that the amount in controversy exceeds $75,000. *See id.* at 3. Those figures would be relevant if the plaintiffs were seeking injunctive or specific relief to force payment in the wrongful death case. *See Northup Props., Inc.*, 567 F.3d at 770 (in actions for declaratory or injunctive relief, courts "measure the amount in controversy by 'the value of the object of the litigation'" (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977))).

But that is not the case here. The plaintiffs' seek damages—not equitable relief—for two Kentucky torts that are distinct from their earlier wrongful death claim. R. 1-1; *Gibson v. Am. Min. Ins. Co.*, No. 08-118, 2008 WL 4602747, at *5 (E.D. Ky. Oct. 16, 2008) (describing both KRS § 304.12-230 and common law bad faith claims as torts); *see also Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (same). Therefore, the amount in controversy is measured solely by the direct monetary value of the damages the plaintiffs seek in this complaint. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573

(6th Cir. 2001) (in suit claiming breach of lease and trespass, amount in controversy is the direct pecuniary value of "the damages sought by Plaintiffs in their original complaint"). Thus, the only relevant amount is the value of the damages in dispute here: (1) the compensatory damages for the injuries the plaintiffs' suffered as a result of the defendants' alleged bad faith conduct and violation of section 304.12-230; and (2) the punitive damages for the same tortious acts.  *See* R. 1-1 at 5–6.[1]  The verdict against Dr. Shy is of no jurisdictional consequence.  *See Quinault Tribe v. Gallagher*, 368 F.2d 648, 655 (9th Cir. 1966) ("[J]urisdiction depends upon the matter directly in dispute in the particular cause, and the court is not permitted . . . to estimate its collateral effect.").

To be sure, the letter that plaintiffs' counsel wrote did threaten to bring this suit if the defendants refused to pay the judgment and interest from the wrongful death case.  *See* R. 6-1 at 2.  And the complaint does refer to the wrongful death suit and the jury verdict in its statement of facts.  *See* R. 1-1 at ¶¶ 5, 7–10.  But Dr. Shy is not a defendant here.  *See* R. 1-1; R. 8 at ¶ 4, 7.  The complaint seeks only monetary relief from ProNational and ProAssurance based on two causes of action that are legally distinct from the wrongful death claim.  *See* R. 1-1; R. 7 at ¶¶ 6–7.  The value of those two causes of action comprises the total amount in controversy here.  *See Hayes*, 266 F.3d at 573; *Quinault Tribe*, 368 F.2d at 655.

---

[1] The defendants attempt to count pre- and post-judgment interest, attorney's fees, and costs to the plaintiff toward the amount in controversy, *see* R. 6 at 2–3. However, the plaintiffs do not seek any interest, attorney's fees, or costs as damage awards under a statute, *see* R. 1-1, so they cannot be counted toward the amount in controversy, *see Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (attorney fees provided by statute are an exception to the general bar (citation omitted)); *Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 927 (E.D. Mich. 2007) (same for penalty interest).

Perhaps the defendants mean to argue that this suit is simply a means to prod ProNational and ProAssurance into paying Dr. Shy's judgment in the wrongful death case. *See* R. 6 at 2.  On this theory, the fact that this suit is merely an instrument to secure that payment makes Dr. Shy's jury verdict relevant.  While the plaintiffs are undoubtedly motivated in part by a desire to create leverage against the defendants, *see* R. 6-2, that strategic value is not cognizable for purposes of the amount in controversy.  Any effect this case has on the plaintiffs' efforts to secure an award from Dr. Shy's wrongful death case is— at most—merely an indirect consequence of this suit.  And a collateral effect does not count toward the amount-in-controversy requirement.  *See, e.g.*, *Healy v. Ratta*, 292 U.S. 263, 267 (1934) ("[T]he collateral effect of the decree, [] upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved . . . ."); *New Eng. Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892) ("It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment . . . ."); *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969); *cf. Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 417 (6th Cir. 1996) (where a suit involves an insurance policy's disability benefits provision, courts may only consider future potential benefits if the validity of the entire policy is presently at issue).

**B.  The defendants provide no other evidence that satisfies the amount in controversy.**

The defendants offer no other evidence of what the plaintiffs' claims in this case might be worth.  All they do is list the various forms of damages the plaintiffs seek in this

case. *See* R. 6 at 3. Restating the pleadings—especially when those pleadings do not seek specific damages—is not "competent proof" of the amount in controversy. *Gafford* 997 F.2d at 160 (holding that "mere averments" are not evidence of the amount in controversy (quoting *McNutt*, 298 U.S. at 189)). The defendants offer no evidence beyond the pleadings themselves—such as affidavits, documents, or interrogatories—to establish that jurisdiction exists here. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (listing types of evidence that can establish the amount in controversy (citation omitted)). The defendants could have obtained such proof in many ways, including state-court discovery, pre-removal interrogatories, and pre-removal requests for admissions. *See, e.g.*, *Burgett v. Troy-Bilt LLC*, No. 11-110, 2011 WL 4715176, at *3 (E.D. Ky. Oct. 5, 2011) (collecting cases). But they did not. Thus, they have not carried their burden to establish jurisdiction.

## CONCLUSION

Accordingly, it is **ORDERED** that this case is **REMANDED** to the Floyd Circuit Court. The Clerk shall **STRIKE** this case from the Court's active docket. All other pending motions are **DENIED** as **MOOT**.

This the 5th day of December, 2012.



Signed By:
*Amul R. Thapar* AT
United States District Judge

7